# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

January 9, 2014

Lyle W. Cayce
Clerk

No. 13-50248
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUAN CARLOS PALMA-PALMA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:12-CR-957-1

Before WIENER, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Juan Carlos Palma-Palma (Palma) pleaded guilty to illegal reentry after having been removed previously, in violation of 8 U.S.C. § 1326. The district court sentenced him within the advisory guidelines range to 57 months of imprisonment.

On appeal, Palma contends that his within-guidelines sentence is substantively unreasonable because it is greater than necessary to achieve the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentencing goals set forth in 18 U.S.C. § 3553(a).  In support of his contention, Palma asserts that the guidelines range overstates the seriousness of his offense because the Sentencing Guideline used to compute his offense level, U.S.S.G. § 2L1.2, gives too much weight to his prior convictions, resulting in double and triple counting.  He also asserts that the guidelines range fails to take into account the minimal seriousness of the offense, claiming that his offense was not violent and that it was, at most, an international trespass.  Finally, Palma asserts that the guidelines range failed to take into account his personal characteristics, the circumstances of his prior offense, and his reasons for reentry.

Although Palma argued for a downward variance and objected to the district court's stated intention to impose a guidelines sentence, he failed to object specifically to the reasonableness of the sentence after the sentence was imposed.  The government insists that our review should be for plain error.  We need not determine whether plain error review is required, however, because Palma's contentions fail even under the abuse of discretion standard of review. *See United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008).

The substantive reasonableness of a sentence is reviewed for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007).  As Palma's sentence was within the advisory guidelines range, his sentence is presumptively reasonable. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).[1]

Palma's argument that the seriousness of his offense is overstated because § 2L1.2 double and triple counts his criminal history has been rejected. *See United States v. Duarte*, 569 F.3d 528, 529-30 (5th Cir. 2009).  Similarly,

---

[1] Palma argues that the presumption of reasonableness should not apply to sentences calculated under § 2L1.2 because the Guideline lacks an empirical basis and results in double counting.  He correctly concedes that his argument is foreclosed by *United States v. Mondragon-Santiago*, 564 F.3d 357 (5th Cir. 2009), and he raises the argument to preserve it for possible further review.

No. 13-50248

we have not been persuaded by the contention that the Guidelines fail to account for the nonviolent nature of an illegal reentry offense. *See United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006).

The district court listened to Palma's request for a lesser sentence but found that one within the guidelines range was appropriate. Palma's contentions regarding personal characteristics, the circumstances of his prior offense, and his motive for reentry do not rebut the presumption of reasonableness. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008). Palma has not shown sufficient reasons for us to reverse his sentence, given the presumption of reasonableness applicable to it. *See Cooks*, 589 F.3d at 186.

The judgment of the district court is AFFIRMED.