# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-50365
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 15, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LUIS ALONSO FERRUFINO-RODRIGUEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:13-CR-906-1

Before KING, JOLLY and HAYNES, Circuit Judges.

PER CURIAM:[*]

Luis Alonso Ferrufino-Rodriguez (Ferrufino) was sentenced to a 52-month term of imprisonment following his guilty plea to illegal reentry of a deported alien. *See* 8 U.S.C. § 1326. He challenges the substantive reasonableness of his sentence, arguing that it is greater than necessary to satisfy the goals of 18 U.S.C. § 3553(a) because the Sentencing Guidelines placed undue weight on his single prior felony offense.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-50365

We review Ferrufino's challenge to the substantive reasonableness of his sentence for abuse of discretion, *see Gall v. United States*, 552 U.S. 38, 49-51 (2007), and apply a rebuttable presumption of reasonableness to the within-guidelines sentence, *see United States v. Mondragon-Santiago*, 564 F.3d 357, 360 (5th Cir. 2009).  For purposes of preserving the issue for possible further review, Ferrufino argues that the presumption of reasonableness should not apply because the illegal reentry Guideline lacks an empirical basis.  As Ferrufino concedes, his argument is foreclosed.  *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009); *Mondragon-Santiago*, 564 F.3d at 366-67.

We have rejected the argument that double and triple counting necessarily renders a sentence unreasonable.  *See Duarte*, 569 F.3d at 529-31; *United States v. Palma-Palma*, 551 F. App'x 220, 221 (5th Cir.), *cert. denied*, 134 S. Ct. 2154 (2014).  Moreover, Ferrufino has not shown that his sentence does not account for a factor that should receive significant weight, gives significant weight to an irrelevant or improper factor, or represents a clear error of judgment in balancing sentencing factors.  *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).  Mere disagreement with the propriety of his sentence or with the weight given to § 3553(a) factors does not suffice to rebut the presumption of reasonableness that attaches to a within-guidelines sentence.  *See United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010).  The judgment of the district court is AFFIRMED.