# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-50541
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 11, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DEMECIO HERNANDEZ-GUEVARA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:13-CR-1313-1

Before BENAVIDES, SOUTHWICK, and COSTA, Circuit Judges.

PER CURIAM:*

Demecio Hernandez-Guevara (Hernandez) was sentenced to a 48-month term of imprisonment, followed by three years of supervised release, pursuant to his guilty plea to illegal reentry of a deported alien. *See* 8 U.S.C. § 1326. He challenges the substantive reasonableness of his sentence, arguing that it is greater than necessary to satisfy the goals of 18 U.S.C. § 3553(a). He complains that the Guidelines effectively double count the defendant's criminal history in

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

calculating his sentencing range.  Hernandez also asserts that the district court placed undue weight on his single prior conviction and ignored his personal circumstances and familial obligations when imposing the instant sentence.

We review Hernandez's challenge to the substantive reasonableness of his sentence for abuse of discretion, *see Gall v. United States*, 552 U.S. 38, 49-51 (2007), and apply a rebuttable presumption of reasonableness to the within-guidelines sentence, *see United States v. Mondragon-Santiago*, 564 F.3d 357, 360 (5th Cir. 2009).  For purposes of preserving the issue for possible further review, Hernandez argues that the presumption of reasonableness should not apply because the illegal reentry Guideline lacks an empirical basis.  As Hernandez concedes, his argument is foreclosed.  *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009); *Mondragon-Santiago*, 564 F.3d at 366-67.

We have rejected the argument that double and triple counting necessarily renders a sentence unreasonable.  *See Duarte*, 569 F.3d at 529-31; *United States v. Palma-Palma*, 551 F. App'x 220, 221 (5th Cir.), *cert. denied*, 134 S.Ct. 2154 (2014).  Although Hernandez asserts that the district court placed undue weight on his single, prior conviction and failed to consider his personal circumstances, he has not shown that his sentence does not account for a factor that should receive significant weight, gives significant weight to an irrelevant or improper factor, or represents a clear error of judgment in balancing sentencing factors.  *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).  Mere disagreement with the propriety of his sentence or with the weight given to § 3553(a) factors does not suffice to rebut the presumption of reasonableness that attaches to a within-guidelines sentence.  *See United*

No. 14-50541

*States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010).  The judgment of the district court is AFFIRMED.